Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **George** First Name | **David** Middle Name | **Dorrell** Last Name |
| Debtor 2 (Spouse, if filing) | **Carol** First Name | **Lynn** Middle Name | **Dorrell** Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number: 18-57934-PMB
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
2.1; 3.1; 3.5; 4.3

# Chapter 13 Plan

NOTE: The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1:   Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ☑ Not Included |
|---|---|---|---|
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☑ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2:   Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1   Regular Payments to the trustee; applicable commitment period.**

| Debtor | **George David Dorrell**<br>**Carol Lynn Dorrell** | Case number | |
|---|---|---|---|

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*   ☑ 36 months   ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$630.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*
☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

### § 2.2  Regular Payments; method of payment.

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):

### § 2.3  Income tax refunds.

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☑ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years **2018, 2019, 2020**, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

### § 2.4  Additional Payments.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### § 2.5  [Intentionally omitted.]

### § 2.6  Disbursement of funds by trustee to holders of allowed claims.

(a) **Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

(b) **Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

| Debtor | **George David Dorrell** | | Case number | |
|---|---|---|---|---|
| | **Carol Lynn Dorrell** | | | |

**(1) First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursement after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

**Part 3:   Treatment of Secured Claims**

**§ 3.1    Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the

| Debtor | **George David Dorrell** | Case number |
| --- | --- | --- |
|  | **Carol Lynn Dorrell** |  |

current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
| --- | --- | --- | --- | --- |
|  |  | 0 | 0 | 0 |

§ 3.2   **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

☑   **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

§ 3.3   **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐   **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑   The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
| --- | --- | --- | --- | --- | --- | --- |
| Northwest Federal Cu | 2015 Hyundai Tucson 40k miles | Opened 01/17 Last Active 4/26/18 | $24,396.00 | 5.14% | $250.00 | $250.00 to increase to $600 in July 2019 |

§ 3.4   **Lien avoidance.**

*Check one.*

| Debtor | **George David Dorrell** | Case number |
|---|---|---|
| | **Carol Lynn Dorrell** | |

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

§ 3.5 **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| Name of Creditor | Collateral |
|---|---|
| **Quicken Loans** | **12833 Devonshire Lakes Circle Fort Myers, FL 33913  Lee County** |
| Hayden and Associates | 12833 Devonshire Lakes Cirecle Fort Myers FL 33913 |

§ 3.6 **Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __**5.50**__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

**Part 4:   Treatment of Fees and Priority Claims**

§ 4.1 **General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

§ 4.2 **Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

§ 4.3 **Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__**4,750.00**__. The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

| Debtor | **George David Dorrell**  **Carol Lynn Dorrell** | Case number |  |
|---|---|---|---|

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ **300.00** per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ **2,500.00**, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ **2,500.00**, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4 Priority claims other than attorney's fees.

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

(a) *Check one.*

☑ The debtor(s) has/have no domestic support obligations. *If this box is checked, the rest of § 4.4(a) need not be completed or reproduced.*

(b) The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| **Georgia Department of Revenue** | $0.00 |
| **IRS** | $0.00 |

## Part 5: Treatment of Nonpriority Unsecured Claims

### § 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☑ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

### § 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.

| Debtor | **George David Dorrell** | Case number | |
|---|---|---|---|
| | **Carol Lynn Dorrell** | | |

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

§ 5.3   Other separately classified nonpriority unsecured claims.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6:  Executory Contracts and Unexpired Leases

§ 6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑

| Name of creditor: | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|
| Tracy Knight | 1981 Westwood Circle Smyrna, GA 30080 | 0 | 0 |

## Part 7:  Vesting of Property of the Estate

§ 7.1   Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

## Part 8:  Nonstandard Plan Provisions

§ 8.1   Check "None" or List Nonstandard Plan Provisions.

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9:  Signatures:

§ 9.1   Signatures of Debtor(s) and Attorney for Debtor(s).

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

| X | **/s/ George David Dorrell** | | X | **/s/ Carol Lynn Dorrell** |
|---|---|---|---|---|
| | **George David Dorrell** | | | **Carol Lynn Dorrell** |
| | Signature of debtor 1 executed on **August 1, 2018** | | | Signature of debtor 2 executed on **August 1, 2018** |

**1981 Westwood Circle**
**Smyrna, GA 30080**

**1981 Westwood Circle**
**Smyrna, GA 30080**

X   **/s/ Howard Slomka**
    **Howard Slomka 652875  GA**
    Signature of attorney for debtor(s)

Date:  **August 1, 2018**

**Slipakoff & Slomka PC**

**Overlook III, 2859 Paces Ferry Rd, SE**
**Suite 1700**
**Atlanta, GA 30339**

| Debtor | **George David Dorrell** | Case number |
|---|---|---|
| | **Carol Lynn Dorrell** | |

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

IN RE:

| | |
|---|---|
| GEORGE DAVID DORRELL | : CHAPTER 13 |
| CAROL LYNN DORRELL | : |
| Debtors. | : CASE NO.: 18-57934-PMB |
| | : |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing Amended Chapter 13 Plan filed in the above styled case by depositing same in the United States mail with the adequate postage affixed thereto to insure delivery addressed as follows:

Melissa J Davey, Standing Ch. 13 Trustee (served via ECF)
260 Peachtree Street NW Suite 200
Atlanta, GA 30303

George David Dorrell
Carol Lynn Dorrell
1981 Westwood Circle
Smyrna, GA 30080

SEE ATTACHED FOR ADDITIONAL CREDITORS

DATED: August 1, 2018

\_\_\_\_\_/s_____
Howard P. Slomka
Georgia Bar #652875
Attorney for the Debtor
Slipakoff & Slomka, PC
Overlook III
2859 Paces Ferry Rd, SE
Suite 1700
Atlanta, GA 30339

```
Label Matrix for local noticing          American Express National Bank          Amex
113E-1                                   c/o Becket and Lee LLP                  Po Box 297871
Case 18-57934-pmb                        PO Box 3001                             Fort Lauderdale, FL 33329-7871
Northern District of Georgia             Malvern  PA 19355-0701
Atlanta
Wed Aug  1 13:40:48 EDT 2018

(p)CAPITAL ONE                           Capital One Bank (USA), N.A.            Capital One, N.A.
PO BOX 30285                             by American InfoSource LP as agent      c/o Becket and Lee LLP
SALT LAKE CITY UT 84130-0285             PO Box 71083                            PO Box 3001
                                         Charlotte, NC  28272-1083               Malvern PA 19355-0701


Citi                                     Comenity Bank/beallsfl                  Credit One Bank Na
Po Box 6190                              Po Box 182789                           Po Box 98872
Sioux Falls, SD 57117-6190               Columbus, OH 43218-2789                 Las Vegas, NV 89193-8872



Melissa J. Davey                         Carol Lynn Dorrell                      George David Dorrell
Melissa J. Davey, Standing Ch 13 Trustee 1981 Westwood Circle                    1981 Westwood Circle
Suite 200                                Smyrna, GA 30080-5848                   Smyrna, GA 30080-5848
260 Peachtree Street, NW
Atlanta, GA 30303-1236

(p)GEORGIA DEPARTMENT OF REVENUE         Hayden & Associates HOA                 IRS
COMPLIANCE DIVISION                      12650 Whitehall Dr.                     401 W Peachtree Street NW
ARCS BANKRUPTCY                          North Fort Myers, FL 33907-3619         Atlanta, GA 30308
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

Kohls/capone                             LVNV Funding, LLC its successors and assigns   LVNV Funding, LLC its successors and assigns
N56 W 17000 Ridgewood Dr                 assignee of Citibank, N.A.                     assignee of MHC Receivables, LLC and
Menomonee Falls, WI 53051-7096           Resurgent Capital Services                     FNBM, LLC
                                         PO Box 10587                                   Resurgent Capital Services
                                         Greenville, SC 29603-0587                      PO Box 10587
                                                                                        Greenville, SC 29603-0587

Midland Credit Management, Inc. as agent Northwest Federal Cu                    PRA Receivables Management, LLC
for Midland Funding LLC                  200 Springs St                          PO Box 41021
PO Box 2011                              Herndon, VA 20170-5241                  Norfolk, VA 23541-1021
Warren, MI 48090-2011


Pay Pal Credit                           (p)PORTFOLIO RECOVERY ASSOCIATES LLC    Quantum3 Group LLC as agent for
PO Box 105658                            PO BOX 41067                            Comenity Bank
Atlanta, GA 30348-5658                   NORFOLK VA 23541-1067                   PO Box 788
                                                                                 Kirkland, WA  98083-0788


Quicken Loans                            Quicken Loans Inc.                      Lucretia Lashawn Scruggs
1050 Woodward Ave                        635 Woodward Ave.                       Shapiro Pendergast & Hasty
Detroit, MI 48226-1906                   Detroit, MI 48226-3408                  211 Perimeter Center Parkway, Suite 300
                                                                                 Atlanta, GA 30346-1305


Howard P. Slomka                         Syncb/belk                              Syncb/care Credit
Slipakoff & Slomka, PC                   Po Box 965028                           C/o Po Box 965036
Overlook III - Suite 1700                Orlando, FL 32896-5028                  Orlando, FL 32896-0001
2859 Paces Ferry Rd, SE
Atlanta, GA 30339-6213
```

```
Synchrony Bank                          Tracy Knight                        U. S. Attorney
c/o PRA Receivables Management, LLC     1981 Westwood Circle                600 Richard B. Russell Bldg.
PO Box 41021                            Smyrna, GA 30080-5848               75 Ted Turner Drive, SW
Norfolk, VA 23541-1021                                                      Atlanta GA 30303-3315


eCAST Settlement Corporation
PO Box 29262
New York NY 10087-9262
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Capital One                             Georgia Department of Revenue       Portfolio Recovery Associates, LLC
15000 Capital One Dr                    1800 Century Blvd                   POB 41067
Richmond, VA 23238                      Suite 17200                         Norfolk VA 23541
                                        Atlanta, GA 30345
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Quicken Loans Inc.                   End of Label Matrix
                                        Mailable recipients     33
                                        Bypassed recipients      1
                                        Total                   34
```